UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| ROWENA MOLSON, | ) | CASE NO. 1:18CV1650 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT WYNN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Rowena Molson against Defendant Robert Wynn. (ECF DKT #1.) Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF DKT #2), which is granted. For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff's Complaint states in its entirety:

Section 440 - Civil Rights
No cause and invidious discrimination by gender based on the value of human life at or in excess of $75,000.00 between April 9 to June 1, 2009[,] all days included[.] No involvement by plaintiff, "self", by word or deed during this April 9 to June 1, 2009 interval[,] only abduction, based on Neurburg [*sic*] Trials as case in point[.]

(ECF DKT #1.)

Attached to the Complaint is correspondence from the Pennsylvania Department of Human Services, in Spanish, dated June 21, 2018 (ECF DKT #1-1), and a Certificate from Athabasca University stating the Plaintiff has been granted a Bachelor of Arts degree in

Sociology and Anthropology, along with a transcript (ECF DKT #1-2).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

It appears from the Complaint that Plaintiff is asserting a claim related to gender discrimination. However, Plaintiff does not allege any facts regarding the nature of the alleged discrimination or Defendant's role in any such discrimination.

In order to state a plausible claim for relief, Plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a)(2), and the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502,

503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Plaintiff's Complaint does not contain either direct or inferential allegations respecting all the material elements to sustain a recovery against Defendant under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). The Court is not required to conjure unpleaded facts or construct claims against Defendant on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Even liberally construed, Plaintiff does not allege facts that give Defendant "fair notice" of the grounds upon which Plaintiff's vague gender discrimination claim rests. *See Twombly*, 550 U.S. at 545. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed.  Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF DKT #2).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:  August 13, 2018**